## Case No. 16,474.

### UNITED STATES v. THOMAS.

[2 Cranch, C. C. 36.][1]

Circuit Court, District of Columbia.   Dec. Term, 1811.

#### PAROL EVIDENCE—DEED FOR SLAVE.

In a criminal case, parol evidence may be given to explain the intention with which a deed

[1] [Reported by Hon. William Cranch, Chief Judge.]

was made; and to prove that although it purported to convey a negro to the grantee, his executors and administrators forever, the grantor intended to convey only his own title.

Indictment for selling negro Flora as a slave for life, who was entitled to freedom at a certain age. To support the prosecution the United States produced in evidence a mortgage from the defendant, Thomas, to a trustee for the security of Edgar Patterson, including, among other property, three negroes; one of whom, Flora, was entitled to freedom in about three years from the date of the deed. The other two were slaves for life. The deed made no distinction between them. The habendum was to the trustee, his heirs, executors, administrators, and assigns forever; with a power to the trustee to sell in case of any default, and a general warranty against the claims of all persons. The defendant offered evidence that he had informed Mr. Patterson, the cestui que trust, before the execution of the deed, that Flora was not a slave for life.

Mr. Caldwell (who, in the absence of Mr. Jones, prosecuted for the United States) objected that parol evidence could not be given to contradict the deed.

But THE COURT (FITZHUGH, Circuit Judge, absent) said that, in a criminal case, parol evidence might be given to explain the intention, the quo animo, with which the deed was made, and to prove that the defendant only meant to sell his right to her service during the term.